IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONJI L.,[1] | ) |
|         **Plaintiff,** | ) |
| | ) No. 19 C 4109 |
|     v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) |
|         **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. §405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sonji L.'s application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[3] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [dkt. 12, Pl.'s Mot.[4]] is denied, and the Commissioner's cross-motion for summary judgment [dkt. 20, Def.'s Mot.] is granted.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been substituted for her predecessor.

[3] The regulations governing disability determinations under Title II and XVI of the Social Security Act are largely the same in relevant respects. *See* 20 C.F.R. § 404.1 *et seq.* ("Part 404 Subpart P"), 20 C.F.R. § 416.1 *et seq.* For convenience, the Court follows the parties' convention in its analysis and cites only to the regulations found in Part 404 Subpart P.

[4] Plaintiff's initial motion for summary judgment [dkt. 10] was replaced by her amended one [dkt. 12], and is accordingly stricken as moot.

**BACKGROUND**

I.  **Procedural History**

On November 12, 2015, Plaintiff filed a claim for DIB and SSI, alleging disability beginning on November 14, 2014. [Dkt. 6-1, R. 15.] Plaintiff's claim was denied initially and again upon reconsideration. [*Id.*] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 4, 2018. [*Id.*] Plaintiff personally appeared and testified at the hearing and was represented by counsel. [*Id.*] A vocational expert ("VE") also testified. [*Id.*] On July 5, 2018, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [*Id*. at 15-24.] The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. [*Id*. at 1-6.]

II.  **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [*Id*. at 17-24.] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 14, 2014. [*Id.* at 17.] At step two, the ALJ concluded that Plaintiff had the severe impairments of right-sided carpal tunnel syndrome and obesity. [*Id*. at 17-19.] The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [*Id*. at 19.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that she can perform no more than frequent pushing, pulling, and handling with her dominant right hand. [*Id*. at 19-23.] At step four, the ALJ concluded that although Plaintiff would not be capable of performing her past relevant work as a van driver, she would be capable of

performing her past relevant work as a day care director and benefits clerk II. [*Id.* at 23.] Accordingly, at step five, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. [*Id.* at 24.]

## DISCUSSION

**I.     Judicial Review**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). The Court plays an "extremely limited" role in reviewing the ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Judicial review of the ALJ's

3

decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014); *accord Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *See Elder*, 529 F.3d at 413.

4

**II.    Analysis**

Plaintiff argues that substantial evidence does not support the ALJ's determination that she is not disabled, and that the ALJ committed reversible error in finding some of her impairments non-severe. [Pl.'s Mot. at 2-4.] Plaintiff additionally asserts that the ALJ erred in failing to give her treating physician's opinion controlling weight. [*Id.* at 4-5.] The Commissioner argues in response that the ALJ reasonably considered the evidence in the record, and appropriately supported his analysis with an adequate discussion of the issues. [Dkt. 21, Def.'s Mem. at 2-5.] Further, the Commissioner argues, the ALJ reasonably considered the statements of Plaintiff's treating physician and appropriately determined that they were not entitled to any deference. [*Id.* at 5-7.] For the reasons that follow, this Court agrees with the arguments of the Commissioner, and affirms the ALJ's decision.

**A.    Substantial Evidence Supports the ALJ's Decision**

If the ALJ's decision is supported by substantial evidence, the court on judicial review must uphold it even if the court might have decided the case differently in the first instance. *See Beardsley*, 758 F.3d at 836-37; 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits," the court must defer to the Commissioner's resolution of that conflict." *Id.* at 837 (quoting *Binion v. Chater,* 108 F.3d 780, 782 (7th Cir. 1997)).

Plaintiff first asserts that substantial evidence does not support the ALJ's decision because the ALJ concluded that Plaintiff's impairments of left-sided carpal tunnel syndrome, right hand injury, hypertension, and hyperthyroidism did not cause functional limitations. [Pl.'s Mot. at 3-4 (citing R. 18).] According to Plaintiff, the ALJ's conclusion conflicts with evidence in the record

5

demonstrating that Plaintiff's impairments rendered her unable to lift more than three to five pounds. [*Id.* at 3-4.] Plaintiff argues that records demonstrating this weight restriction provide the necessary proof that she has functional limitations overlooked by the ALJ. [*Id.* at 3; dkt. 23, Pl.'s Reply at 4-5.] Additionally, Plaintiff contends, these records also conflict with both the RFC that the ALJ crafted and the ALJ's determination that she could perform her past work as a day care director, which according to Plaintiff, requires lifting children "that were obviously more than 10 lbs." [*Id.* at 4.][5]

Plaintiff's arguments fail to demonstrate reversible error for multiple reasons, however. First, the ALJ considered each of the impairments Plaintiff identifies in addition to others which she had alleged, and found each of them to be non-severe except right-sided carpal tunnel syndrome and obesity, which the ALJ determined to be severe. [*See* R. 18-23.] Because the ALJ found some of Plaintiff's alleged impairments to be severe, any error in finding her additional impairments non-severe is harmless. *See Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) ("Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless."). "Either way, the ALJ must later consider the limitations imposed by all impairments, severe and non-severe." *Id.* (citing 20 C.F.R. § 404.1523, and *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010)).

Second, with respect to limitations, the ALJ considered the limitations imposed by each of Plaintiff's impairments, and substantial evidence in the record supports the ALJ's corresponding

---

[5] With particular respect to her hypertension and hyperthyroidism, Plaintiff makes no developed argument about either of them, nor does she explain or detail how either might affect her functioning in a way not already accommodated by the ALJ's RFC finding. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) ("It was [the plaintiff's] burden, not the ALJ's, to prove that she was disabled."); 20 C.F.R. § 404.1512 ("In general, you have to prove to us that you are blind or disabled.)

assessment of Plaintiff's functional limitations. [*See* R. 18-23.] As the ALJ observed, the records demonstrated Plaintiff's "fairly routine and conservative course of treatment" for carpal tunnel syndrome, and while some treatment notes showed Plaintiff's complaints of pain and decreased strength and ranges of motion, others showed no deficits at all. [*See id.* at 21 (citing among others, R. 389, 393, 401, 404, 410-12, 420-24).] The ALJ noted that the objective records demonstrated only normal or "mild" results, including normal x-rays of Plaintiff's right hand in November 2014, a normal MRI of the right hand in January 2015, and only mild compression of the right median nerve with demyelination (nerve damage) in a March 2016 EMG. [*Id.* at 21-22 (citing R. 491, 493, 521).]

As the ALJ observed, for example, although Plaintiff's May 2015 examination noted pain with palpation of the right wrist and painful range of motion, an examination the following month showed no evidence of deficits in range of motion or strength. [*See id*. at 21 (citing R. 371, 381).] Examination records from late 2015 show her condition was largely unchanged, and in December 2016 she was given an updated referral for hand surgery which Plaintiff declined to undergo. [*See id*. at 22 (citing among others, R. 342, 352).] As the ALJ observed, Plaintiff requested a new wrist brace in March 2016 to replace one that had previously been lost, and in May 2016, Plaintiff was counseled to return to physical therapy. [*See id.* (citing R. 506-10, 529-31).] It is unclear whether Plaintiff followed that advice, but as the ALJ observed, the records reflect that Plaintiff received no treatment whatsoever after July 2016. [*See id.* at 21, 23.] Upon this record, the ALJ's discussion of the relevant evidence was adequate to support his RFC determination. *See Schloesser v. Berryhill*, 870 F.3d 712, 721 (7th Cir. 2017) ("The question we consider on review is not whether an alternative finding may also be supported by substantial evidence. Rather, we ask whether the final agency finding . . . is supported by substantial evidence.").

It was Plaintiff's burden to show disability, including the nature and severity of any impairment, its duration, and her residual RFC. 20 C.F.R. § 404.1512. But Plaintiff points to no evidence that compels a conclusion different than the one articulated by the ALJ. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) ("We will reverse only if the record compels a contrary result." (internal quotation omitted)). Indeed, Plaintiff cites no records supporting any additional limitation beyond her claim that she is unable to lift more than three-to-five pounds, and she supports that claim only with reference to treatment notes that memorialize her own subjective reports. [*See* Pl.'s Mot. at 2-3 (citing R. 325, 330, 347, 511-14).] But, as the ALJ explained in his decision, Plaintiff's subjective allegations were found to be not entirely credible due to their inconsistency with the objective evidence in the record in addition to other factors he itemized, and Plaintiff makes no argument—and has accordingly waived any objection, *see Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011))—that the ALJ erred in assessing her credibility. [*See* R. at 21.] In any event, the ALJ's discussion of the evidence, [*see* R. at 20-23], adequately demonstrates that he considered the records to which Plaintiff points—he simply did not assign them the weight that Plaintiff urges. *See, e.g.*, *Denton*, 596 F.3d at 426 (no error in ALJ's determination that the plaintiff's hypothyroidism did not affect her ability to work, where the ALJ had considered the records that the plaintiff emphasized, which contained only "sporadic references" to thyroid function).

Finally, even if Plaintiff's cited records could be construed as supporting a restriction greater than that imposed by the ALJ, it was for the ALJ—not this Court—to weigh the import of that evidence. *See Jeske*, 955 F.3d at 587; *Beardsley*, 758 F.3d at 836-37. "The question [the court] consider[s] on review is not whether an alternative finding may also be supported by substantial evidence. Rather, [the court] ask[s] whether the final agency finding . . . is supported

8

by substantial evidence." *See Schloesser*, 870 F.3d at 721 (citing *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004)). The ALJ's discussion of relevant evidence adequately supports his decision, and this Court declines Plaintiff's invitation to reconsider the facts or reweigh the evidence assessed by the ALJ.

### B. Treating Physician's Opinion

Plaintiff next argues that the ALJ erred in failing to give controlling weight to her treating physician Dr. Tony Hampton's "diagnosis in his opinion," and in failing to provide "sound medical reasoning as to why [Plaintiff] is not suffering from the disorders stated and why she could go back to her past work." [Pl.'s Mot. at 4-5.] As the Commissioner observes in response, however, the ALJ reasonably considered Dr. Hampton's opinions and statements, and appropriately determined they were not entitled to any deference. [Def.'s Mem. at 5-7.] This Court agrees with the arguments of the Commissioner, for the following reasons.

Plaintiff's contention that the ALJ erred in failing to accept a diagnosis rendered by Dr. Hampton fails at the outset. This is because Plaintiff fails to identify a specific diagnosis from Dr. Hampton that she contends the ALJ failed to credit, and in any event, a diagnosis does not equate to a disability. *See, e.g.*, *Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (substantial evidence supported ALJ's determination that the plaintiff did not suffer irritable bowel syndrome (IBS) related fatigue, despite his IBS diagnosis and his testimony as to fatigue); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) ("The issue in the case is not the existence of these various conditions of hers but their severity and, concretely, whether, as she testified . . . they have caused her such severe pain that she cannot work full time."); *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) ("It is not enough to show that [the plaintiff] had received a diagnosis

9

of fibromyalgia with a date of onset prior to the expiration of the insured period, since fibromyalgia is not always (indeed, not usually) disabling.").

Further, the question upon review of the ALJ's assessment of Dr. Hampton's opinion is not whether the ALJ gave "sound medical reasoning as to why [Plaintiff] is not suffering from the disorders stated and why she could not go back to work," as Plaintiff urges. [*See* Pl.'s Mem. at 4-5.] Rather, the question upon review is whether the ALJ reasonably considered and appropriately weighed Dr. Hampton's opinion on the nature and severity of Plaintiff's medical condition in concluding that she is not disabled. *See* 20 C.F.R. § 404.1527(c); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018).[6] A treating physician's opinion on the nature and severity of a medical condition is entitled to controlling weight if it is "well-supported" by medical findings and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c); *see Gerstner*, 879 F.3d at 261. If a treating physician's opinion is not given controlling weight, the ALJ must determine what weight it merits by considering the following factors: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; and (4) the consistency and supportability of the opinion. *See Gerstner*, 879 F.3d at 263; 20 C.F.R. § 404.1527(c). Further, an ALJ "must offer good reasons" for giving a treating physician's opinion less than controlling weight. *Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016). If the ALJ discounts the physician's opinion after considering these factors, the court "must allow that decision to stand so long as the ALJ minimally articulated his reasons—a very deferential standard that [the Seventh Circuit has] deemed

---

[6] Although the Social Security Administration has since modified its treating-physician rule, Plaintiff's application was filed in 2015, and accordingly, "controlling weight" was to be provided to the well-supported opinion of a treating physician. *See* 20 C.F.R. § 404.1527(b)(2) (for applications filed before March 27, 2017); 20 C.F.R. § 404.1520c (for applications filed on or after March 27, 2017).

10

lax." *Elder*, 529 F.3d at 415 (internal quotations omitted); *accord Fair v. Saul*, 853 F. App'x 17, 21 (7th Cir. 2021) ("If the ALJ considers the proper factors, though, we will uphold the decision to discount a treater's opinion so long as the ALJ minimally articulated his reasons." (internal quotation omitted)).

In reaching his decision in this case, the ALJ evaluated several letters from Dr. Hampton, in which Dr. Hampton opined that Plaintiff was "unable to work on a sustained basis" and/or that she was excused from work pending a further evaluation. [*See* R. 23 (citing 557, 674, 680, 739, 741, 752).] As the ALJ observed, although the letters suggested they were based on a range of evidence, they only recited types or categories of objective findings, without indicating any *specific* findings as to Plaintiff from across her care, and rather, relayed Plaintiff's subjective allegations. [*See id.*] As the ALJ further observed, some of Dr. Hampton's findings were explicitly provisional pending re-evaluation, and his opinion that Plaintiff could not work was both a legal opinion on an issue reserved for the Commissioner, and unsupported by the objective evidence in the record including only mild EMG findings and mixed findings from physical examinations. [*See id.*] Finally, the ALJ noted, Dr. Hampton's letters failed to outline the most that Plaintiff could do. [*See id.*]

To the extent that Plaintiff argues that the ALJ erred in declining to give controlling weight to Dr. Hampton's opinions on the nature and severity of her condition, this argument fails. The ALJ articulated his reasoning in weighing Dr. Hampton's opinions and sufficiently explained his decision to discount them by noting his treatment relationship with Plaintiff and considering each opinion's supportability and inconsistency with other evidence in the record, including objective evidence such as "mild" EMG findings as well as mixed physical examination findings. [*See* R. at 23.] *See, e.g., Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (affirming ALJ's decision

11

declining to give a treating physician's opinion controlling weight where substantial evidence supported the ALJ's finding that the medical records, including the physician's own records, were inconsistent with the physician's opinion); *Collins v. Berryhill*, 743 F. App'x 21, 25 (7th Cir. 2018) ("In weighing a treating physician's opinion, an ALJ must consider the factors found in 20 C.F.R. § 416.927(c), but need only minimally articulate his reasoning; the ALJ need not explicitly discuss and weigh each factor." (quoting *Elder*, 529 F.3d at 415)). Likewise, the ALJ appropriately considered Dr. Hampton's failure to support his conclusion with reference to any specific findings in the record. *See* 20 C.F.R. § 404.1527 ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.").

Further, because the ultimate issue of whether Plaintiff is disabled is a legal issue reserved for the Commissioner, the ALJ was not required to give any deference to Dr. Hampton's opinion that Plaintiff was unable to work. *See Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) (noting that because the issue of whether a claimant can work is an issue reserved for the Commissioner, the ALJ was not bound to accept the treating physician's opinion on it); *Collins v. Astrue*, 324 F. App'x 516, 520 (7th Cir. 2009) (In contrast to a medical opinion, "[A] treating physician's administrative opinion—such as the applicant's residual functional capacity (for sedentary work, for example) or whether the applicant is 'disabled'—is not entitled to any particular weight because those determinations are 'reserved to the Commissioner.'"); 20 C.F.R. § 404.1527(d)(2) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); 20 C.F.R. § 404.1527 (d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner.").

For each of these reasons, the ALJ appropriately assessed Dr. Hampton's opinion, and adequately explained his decision to discount it. *See Pavlicek*, 994 F.3d at 781.

C.     **Plaintiff's Additional Arguments**

To the extent that Plaintiff argues that the ALJ erred in concluding that she was capable of performing her past relevant work, this argument also fails. Plaintiff supports her assertion by pointing to the same records discussed above, [*i.e.*, R. 325, 330, 347, 511-14], suggesting that she was unable to lift 3-5 pounds, and her hearing testimony that she had passed out without any warning. [*See* Pl.'s Mot. at 4-5; Pl.'s Reply at 6.] But these items reflect Plaintiff's subjective statements, and as discussed above, Plaintiff failed to make and has accordingly waived any argument that the ALJ erred in assessing her subjective complaints and credibility. *See Alioto*, 651 F.3d at 721.

Furthermore, even if she had not waived the argument, the ALJ appropriately explained, [*see* R. at 21], in accordance with the regulatory factors, why he found Plaintiff's statements inconsistent with the rest of the evidence in the record, including: (1) the objective evidence, including her conservative course of treatment, mixed physical examination findings, and mild EMG results; and (2) her several years of unemployment, or employment below substantial gainful activity levels, in the years prior to her alleged disability onset date. *See Loveless*, 810 F.3d at 507 (ALJ properly discounted treating physician's opinion that rested on the claimant's subjective complaints); *Kadelak v. Astrue*, 802 F. Supp. 2d 934, 944 (N.D. Ill. 2011) ("The regulations allow the ALJ to consider various factors, including Claimant's prior work record, in assessing credibility." (citing 20 C.F.R. § 404.1529(c)(3)); 20 C.F.R. § 404.1527(c)(3)-(4); 20 C.F.R. § 404.1529(c)(1)-(3)).

Finally, as the Commissioner correctly observes, Plaintiff's assertion that she cannot perform her past work as a day care director, which she argues involved lifting children who "were obviously more than 10 lbs," [*see* Pl.'s Mot. at 4; Pl's Reply at 8], also fails to acknowledge that in determining whether she could perform her past relevant work, the ALJ was obliged to consider both whether she could perform her past work *as actually performed* and as that work *is generally performed* in the national economy. [*See* Def.'s Mem. at 7 (citing *Arbogast v. Bowen*, 860 F.2d 1400, 1403 (7th Cir. 1988).] As the ALJ noted, based on testimony from the VE, Plaintiff's past work as a daycare director is considered to be a sedentary job per the *Dictionary of Occupational Titles* ("DOT"), although Plaintiff had actually performed it at a medium level. [*See* R. 23.] Accordingly, even if the ALJ had agreed that Plaintiff could no longer lift children weighing more than ten pounds, it would not have precluded his finding that she remained able to resume her past day care director work as it is generally performed. *See Getch v. Astrue*, 539 F.3d 473, 482 (7th Cir. 2008) ("In other words, the ALJ need not conclude that the claimant is capable of returning to the precise job he used to have; it is enough that the claimant can perform jobs substantially like that one.") Finally, Plaintiff also had past relevant work as a "benefits clerk II," which the ALJ noted also is a sedentary job per the DOT and as performed [*see* R. 23], and Plaintiff makes no argument whatsoever that the ALJ's assessment of Dr. Hampton's opinions in any way affected the ALJ's determination that Plaintiff remained able to perform benefits clerk II work.

## **CONCLUSION**

For each of the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 12, Pl.'s Mot.] is denied, and the Commissioner's cross-motion for summary judgment [dkt. 20, Def.'s Mot.] is granted. The Court affirms the Commissioner's final decision.

**SO ORDERED.**

Date: 3/7/2022

BETH W. JANTZ
United States Magistrate Judge